JOLIET MANUF'G Co. *v.* KEYSTONE MANUF'G Co. *et al.*

(*Circuit Court, N. D. Illinois.* July 22, 1889.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT.
    Complainant's patent. No. 188,263, issued March 13, 1877, to Andrew H. Shriffler, for an "improvement in corn-shelling machines," the distinctive feature of which is a contrivance for the delivery of the corn in a horizontal direction from the elevator to the shelling mechanism, is not infringed by a feeding contrivance which delivers the corn immediately from the elevator to the shelling mechanism; both machines employing an endless apron to deliver the corn.

2. SAME—NOVELTY.
    A leg or brace attached to the lower end of the elevator and frame of the machine, to regulate the height of the elevator, is not patentable, for want of novelty.

In Equity. Bill for injunction.
*Munday, Evarts & Adcock*, for complainant.
*John G. Manahan*, for defendants.

BLODGETT, J. This is a bill for an injunction and accounting by reason of the alleged infringement of letters patent 188,263, granted March 13, 1877, to Andrew H. Shriffler, for an "Improvement in corn-shelling machines," and which has been duly assigned to complainant. The complainant's machine, in its working parts and their arrangement, is substantially like the machines covered by the patents of August, 1861, and May, 1866, to Augustus Adams, and of October 15, 1872, to Henry A. Adams, except that in the complainant's machine the gravity chute

by which the corn is carried from the end of the elevator into the shelling device is dispensed with, and with the further exception that in complainant's machine the shaft of the shelling-wheel, K, is slightly raised, so that the shaft of the shelling-wheel is nearly on a line with the shafts of the beater-shaft, D, the beveled runners, H, and picker-wheels, F. Shriffler does not claim to have added anything new to the Adams machines, before mentioned, or to have changed them in any particular, except by leaving out the gravity chute, and slightly changing the relations of the picker-wheels and beveled runners to the shelling-wheel. The distinctive feature of the Shriffler machine is what he terms the "horizontal feed;" that is to say, the corn is delivered from the elevator directly over the beater-shaft, which he places below the line of travel of the corn, instead of above it, as Adams placed it in his chute, and from the beater-shaft the corn is carried horizontally, or nearly so, along the moving surfaces of the picker-wheels, F, and beveled runners, G, into the shelling device, consisting of the rag-irons, J, and shelling-wheel, K. This special characteristic of the complainant's machine is described in the specification as follows:

"It will be noticed that the path of the ear from the elevator delivery to the shelling-wheel is nearly a straight horizontal line, and it may be made quite so, if desired. At no point does the ear fall rapidly by its own weight, nor is the gravity of the ear at any point relied upon to carry it forward solely, but all of the time, and at all points, it is carried forward by the moving surfaces of the several wheels, beaters, etc., which, for this purpose, are so arranged that the path of the corn shall be horizontal, or nearly so. This arrangement prevents the abrupt change of direction at the elevator delivery which is usual in machines of this class, and which, by causing the ear to tip at the rear end and enter the throat in a vibrating manner, is productive of a great deal of trouble sometimes, which is entirely obviated by the present arrangement. By the present arrangement, also, the corn is caused to proceed in a regular and even manner, being fed along smoothly, instead of falling rapidly, and then being thrown violently forward, as has been customary."

In other words, Shriffler changed the Adams machines by dispensing with the gravity chute, locating the beater-shaft under instead of over the stream of ears of corn as they were delivered from the end of the elevator, and, as I said, slightly raising the shaft of the shelling-wheel, so that it may be more nearly in a horizontal line with the shafts of the wheels intermediate between the beater and the shelling device. These characteristics of the complainant's machine are covered, or claim to be covered, by the first, second, third, and fourth claims, which are:

"(1) The combination, with the shelling-wheel in a corn-sheller, of the feeding wheel or wheels, and beater or beaters, arranged substantially as specified, so that the path of the corn shall be horizontal, or substantially so, from the delivery end of the elevator to the sheller-wheel. (2) The corn-sheller in which the path of the corn from the delivery end of the elevator to the sheller-wheel is horizontal, or substantially so, along the moving surfaces of wheels, beaters, or other like contrivances for urging it along, substantially as specified. (3) A corn-sheller provided with a horizontal, or substantially horizontal, feed, continuing from and including the delivery end of the elevator, substantially as specified. (4) The combination with the corn-sheller having a horizontal, or substantially horizontal, feed, of an elevator

for bringing the corn up to the feed, having its delivery end upon a level, or substantially upon a level, with the feed mechanism, substantially as specified."

The patent also covers a device for regulating the pitch or inclination of the elevator by means of legs, which are fastened to the lower end, or near the lower end, of the elevator, and carried from there to the frame of the machine, to which they are fastened by pins or bolts, and by changing the length of these legs, by means of a succession of pin or bolt holes, the height or pitch of the elevator can be changed; and this feature is covered by the fifth, sixth, and seventh claims of the patent, which defendants are charged with infringing.

Defendants by their answer deny (1) the validity of the Shriffler patent, on the ground that he has made no material change in the Adams machines which involved invention; (2) that they do not infringe; (3) that the device for regulating the pitch of the elevator is old, and not patentable for want of novelty.

Defendants manufacture and sell a corn-sheller which is constructed substantially in accordance with certain patents granted to Harvey Packer, since the date of complainant's patent. Defendants' machine is unlike the complainant's machine in its shelling mechanism, and it also differs from complainant's machine, in the fact that the corn is delivered from the delivery end of the elevator directly into the shelling mechanism, instead of being carried horizontally over the beater, picker-wheels, and beveled runners, under the rag-irons, and against the shelling-wheel. The stream of ears of corn, as they leave the delivery end of the defendants' elevator, fall diagonally downward into the shelling mechanism, their fall and direction being, to some extent, secured by the beaters located upon the beater-shaft directly over the delivery end of the elevator, which is the throat of the machine. It will be noticed that the first claim of the Shriffler patent is for the "combination, with the shelling-wheel, of the feeding wheel or wheels, and beater or beaters, arranged substantially as specified;" and a recurrence to the specifications shows that Shriffler has placed a beater-shaft immediately at and below the delivery end of the elevator, so that the corn, on leaving the elevator, is taken by this beater-shaft, and carried over the moving surface of the beater, onto the moving surface of the picker-wheel, F, and from thence to the beveled runner, G, whence it is delivered under the rag-irons to the shelling-wheel; and, as I construe this first claim, it is for the combination with the shelling-wheel of this beater, picker-wheels, and beveled runners, whereby the corn is to be carried in a horizontal position into engagement with the shelling device. The defendants' machine, as I have already said, has none of these intermediate moving surfaces interposed between the delivery end of the elevator and the shelling device, but the corn is pitched, so to speak, directly from the delivery end of the elevator into the shelling mechanism, hesitating or over-riding ears being accelerated and forced into the shelling mechanism by means of the beater-shaft over the delivery end of the elevator.

The second, third, and fourth claims of the complainant's patent are

but a reiteration of the first claim, and what I have said with regard to the first claim applies with equal, if not more, force to the subsequent claims which cover the horizontal feed feature. In view of these considerations, therefore, it seems very clear to me that the defendants do not infringe the complainant's patent. Defendants do not have in their machine a forcing horizontal feed such as is specifically described and provided for in the complainant's patent, and covered by these first four claims, but, as I have already said, the defendants' feed is direct from the delivery end of the elevator into the shelling mechanism, partly by gravity, and partly by the action of the beaters over the delivery end of the elevator; and the corn in the defendant's machine is not carried forward to the shelling mechanism by the moving surfaces of the several wheels, beaters, etc., as called for and provided for in the complainant's patent. The defendants' shelling device being substantially new, so far as the proof shows, and different from those employed by Shriffler, and elevators for delivering the corn to the shelling mechanism being old, as shown in the proof, (Kauffman patent of August, 1873, and the Adams machines above referred to,) and complainant saying in the specifications of his patent, "the corn is fed to the machine, as usual, by an endless apron or elevator," I can see no reason why the defendants were not at liberty to use the endless apron or elevator, which they employ to deliver the corn directly into the shelling mechanism, in the manner shown in the Packer patents. I am therefore of opinion that the defendants do not infringe the first four claims of the patent, as charged.

In regard to the alleged infringement of the fifth, sixth, and seventh claims, which simply cover the feature of adjustability as to pitch or incline of the elevator, I think it extremely doubtful, from an inspection of the defendants' full-sized working machine, which is an exhibit in this case, whether the defendants have this feature of adjustability of pitch which is covered by these claims in the complainant's patent; but, of the feature of adjustability by means of a leg or brace attached to the lower end of the elevator and the frame of the machine, it is enough to say that these devices were old, and used in the patent of Gray of August, 1870, for a hay-loader, where the same device is applied to change the incline of the hay elevator as is applied in complainant's patent to change the incline of the corn elevator; but I do not think it necessary to go even into the older art to meet the question, as far as these claims of changing the incline are concerned, in any elevator working with a corn-sheller, or a straw-cutter, or a threshing-machine, or a hay-loader, by means of which the article to be operated is brought to the operating device. If it becomes necessary to change the incline of such elevator, it could be readily done by propping it up in any of the mechanical ways which are known to a mechanic, and the method adopted by Shriffler, and covered by these claims of his patent, is obviously old in its application to hay-loader elevators, and any one had the right to apply it to the elevator of a corn-sheller. I am therefore of opinion that the defendants do not infringe the complainant's patent, and the bill is dismissed for want of equity.